## Hood v. Zahm

*Daniel Cohen,* for plaintiffs.
*Joseph Pongracz,* for defendant.

FRANCIOSA, J. March 14, 1972.—Plaintiffs' complaint in assumpsit is based upon a written agreement. The agreement was executed by defendant and his former wife, Joan F. Zahm, incident to their divorce proceeding. Under paragraph 4 of the agreement, defendant promised to pay the sum of $20 per week toward the support and maintenance of his daughter, Deborah Ruth Zahm. At the time the agreement was entered into, Deborah was in the custody of her mother.

The facts as pleaded in the complaint set forth the following: Deborah is now in the custody of plaintiffs, her maternal grandparents; that, in violation of the agreement, defendant has refused to make the required support payments; and that, as of the date of the filing of the complaint, defendant owes the total sum of $4,860, together with interest and costs.

To the complaint, defendant has filed preliminary

objections challenging plaintiffs' standing to sue on the agreement. According to defendant, only Joan F. Zahm, defendant's former wife, can enforce the provisions of the agreement.

Plaintiffs claim standing as persons suing in loco parentis. Since persons standing in loco parentis are obligated to provide support for those in their charge, plaintiffs argue that it follows by necessity that they also have the rights of the lawful parent. We have difficulty in accepting this argument as a basis for permitting plaintiffs to bring this assumpsit action on an agreement to which they are not parties. It appears to us that, as persons in loco parentis, their remedy is to proceed under the Act of June 24, 1939, P. L. 872, sec. 733, as amended, 18 PS §4733. That section authorizes a nonsupport action to be instituted by the mother, children or any person actually supporting the child at the time the action is instituted. In the case at bar, the provisions of the agreement between defendant and his former wife could be enforced in a support action. See Commonwealth ex rel. Davidow v. Davidow, 223 Pa. Superior Ct. 99, 296 A. 2d 862 (1972).

However, we will not belabor the loco parentis base for standing. There is another ground which sustains this suit in assumpsit. The child, Deborah Zahm, has standing to bring this assumpsit action as a third-party beneficiary. See 8 P. L. Encyc., Contracts, §§202-230, and cases cited therein. The formal error in the caption may be ignored. Such formal errors can be corrected by amendment at any stage of the proceeding. See Goodrich-Amram, §1018-1.

## ORDER

And now, March 14, 1973, in accordance with the

foregoing opinion, defendant's preliminary objections are denied and dismissed. Defendant is directed to file an answer to the complaint within 20 days from the date of this order.